PUBLISH

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01415-REB

NORMA C. HART,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed May 31, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of back pain, neuropathy, and obesity. After her application for disability insurance benefits was denied, plaintiff

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

requested a hearing before an administrative law judge. This hearing was held on April 2, 2012. At the time of this hearing, plaintiff was 60 years old. She has a college degree and past relevant work experience as a bus dispatcher and a cook. She has not engaged in substantial gainful activity September 9, 2009, her amended alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from severe physical impairments, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a full range of sedentary work. Based on that determination, the ALJ concluded that plaintiff could perform her past relevant work as a dispatcher. She therefore found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287,

2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff alleges several grounds of error in this appeal.  Because I find that opinion evidence from plaintiff's treating source submitted after the hearing decision is new and may have changed the ALJ's disability decision, I do not address the

4

remainder of these arguments, which may be effected by the ALJ's redetermination as directed on remand.  **See Watkins v. Barnhart**, 350 F.3d 1297, 1299 (10th Cir. 2003); **Gorringe v. Astrue**, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012).

At step 3 of the sequential analysis the ALJ considers whether plaintiff suffers from an impairment or a combination of impairments that meets or is medically equivalent to an impairment described in the Commissioner's Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (effective Aug. 2, 2010).  The listings set forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling.  20 C.F.R. § 404.1520(d).  **See Sullivan v. Zebley**, 493 U.S. 521, 532, 534-35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990).  Section 1.00 addresses disorders of the musculoskeletal system, and section 1.04 thereunder deals specifically with disorders of the spine.  It provides that such disorders are presumptively disabling when the following criteria are met:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A).[2]  An impairment is not presumptively disabling unless it satisfies all these criteria.  "An impairment that manifests only some

---

[2] There appears to be no contention here that plaintiff's impairments meet or equal the alternative criteria of §§ 1.04(B) or (C).

of those criteria, no matter how severely, does not qualify." ***Sullivan***, 110 S.Ct. at 891 (footnote omitted).

In making her determination, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment because no medical source had suggested as much. (Tr. 26.) As an initial matter, the utter lack of analysis that undergirds this conclusion is striking. The lack of evidence is not evidence, and does not constitute an adequate substitute for proper analysis of the evidence and substantiation of the ALJ's resultant conclusions. Nevertheless, on appeal to the Appeals Council, plaintiff submitted a statement from her treating source, Dr. Marianne Lopez, stating that plaintiff did meet the requirements of Listing 1.04(A). (Tr. 306-308.) This opinion was based on Dr. Lopez's assessment of an MRI of plaintiff's lumbar spine performed in February 2012. (Tr. 299-300.) In denying review, the Appeals Council stated that "[t]hese documents were not new because they are an exact copy of Exhibit 6F, pages-5-6, 15-16." (Tr. 2.)

This statement is only partially correct. Although the report of the February 2012 MRI was part of the record before the ALJ, Dr. Lopez's opinion was not, nor could it have been, as it was authored after the date of the ALJ's disability decision.[3] Accordingly, and contrary to the characterization of the Appeals Council, Dr. Lopez's opinion was new.

Moreover, the opinion was material. *See* 20 C.F.R. 404.970(b); ***Chambers v. Barnhart***, 389 F.3d 1139, 1142 (10th Cir. 2004). The submission of this evidence

---

[3] The MRI report comprised pages 15-16 of Exhibit 6F. (Tr. 299-300.) Pages 5-6 of that exhibit, however, are notes of a February 21, 2012, visit with Dr. Nida Awadallah during which plaintiff was referred for the MRI that forms the basis of Dr. Lopez's opinion. (*See* Tr. 289.)

specifically addressed the ALJ's contention that there was no medical opinion regarding whether plaintiff's condition was of listing-level severity.  In addition, Dr. Lopez's opinion, although authored after the date of the ALJ's decision, relates to the period for which benefits were considered, as it interprets medical evidence for the period during which benefits are sought.  *See Gutierrez v. Astrue*, 2008 WL 524300 at *3 n.3 (D. Colo. Dec. 15, 2008) (noting that retrospective opinion may be probative if related to evidence of disability during relevant time period).

The Commissioner's suggestion that remand is unwarranted because the medical evidence does not support Dr. Lopez's determination is not well-taken.  For one thing, the Commissioner is essentially inviting me to engage in the type of fact-finding and analysis that is her responsibility.  I am neither authorized nor particularly well-equipped to make such findings at this level of review.  Even were I able to do so, however, such an analysis would require me to substitute my own lay judgment regarding the effect of medical evidence for the medical opinion of Dr. Lopez.  It is no more proper for this court to engage in that exercise than it would be for the ALJ to do so.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004).  *See also McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).[4]  If, on remand, the ALJ herself perceives any hiatus between Dr. Lopez's assessment and the evidence on which it is based or the other medical evidence of record, the proper course would be for her to recontact Dr. Lopez for further clarification of her opinion.  *See* 20 C.F.R. § 404.1512(e); **Social Security Ruling** 96-5p, 1996 WL 374183 at *6 (SSA July 2, 1996).

---

[4] This may be especially true in this case, where the effect of plaintiff's obesity may factor into the assessment whether plaintiff's impairments are medically equivalent to a listing.  *See* Social Security Administration, **Program Operations Manual System** ("**POMS**") DI 24570.001 ¶ 7 (available at https://secure.ssa.gov/poms.nsf/lnx/0424570001) (last accessed September 15, 2014).

7

I thus find and conclude that there is a reasonable possibility that Dr. Lopez's opinion may have changed the outcome of the disability decision. **Chambers**, 389 F.3d at 1144. The case must be remanded for further consideration and reevaluation in light of this opinion.

## IV. ORDERS

Because Dr. Lopez's opinion may be adequate to support a finding that plaintiff's impairments are presumptively disabling, the case must be remanded. Although plaintiff requests a directed award of benefits, I find that this would not be an appropriate case for the exercise of my discretion in that regard. **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ to

   a. Reevaluate her determination at step 3 of the sequential evaluation in light of the October 2012 opinion of Dr. Marianne Lopez, as well as any other probative evidence relevant to that determination, making sure to support her determination as to whether plaintiff's impairments, singly or in combination, meet or medically equal the listings with clear, specific references to the evidence of record;

   b. Recontact any treating or examining source, seek the testimony of medical or vocational experts, order consultative examinations, or

---

[5] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

>                otherwise further develop the record as she deems necessary; and
>
>        c.  Reassess the disability determination; and

3.  That plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated September 16, 2014, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge